NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1161n.06

No. 12-5185

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 08, 2012*
DEBORAH S. HUNT, Clerk

KNC INVESTMENTS, LLC,

    Plaintiff-Appellant,

v.

LANE'S END STALLIONS, INC.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

Before: SILER, COLE and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Lane's End Stallions asks us to dismiss this appeal as moot based on events that occurred after the district court issued its decision. Yet the district court, and not the court of appeals, is best suited to decide whether these new facts require the federal courts to put this case out to pasture, as it were. We therefore must remand the case.

This appeal stems from a dispute between Lane's End Stallions—the manager of a syndicate that owns the thoroughbred Lemon Drop Kid—and one of the syndicate's members, KNC Investments. An agreement governs the Lemon Drop Kid syndicate, and it details how the fractional owners of the horse will share costs and profits. KNC believes that the syndicate agreement and the Kentucky Business Corporations Act (the statute that regulates incorporated entities in the state) give it the right to obtain the names and contact information of the other owners and to copy the

syndicate's books and records. Lane's End disagrees, and it thus refused to give KNC access to the syndicate's records. The district court sided with Lane's End, and KNC appealed.

Meanwhile, 39 of the 40 owners in the Lemon Drop Kid Syndicate (all but KNC) amended the syndicate agreement to clarify that neither KNC nor any other owner could obtain this information. After the amendment, the syndicate filed a motion to dismiss the appeal (and case) as moot. As support, Lane's End submitted the amended syndicate agreement and an affidavit describing the amendment process, and at the same time asked us to expand the record to include these items.

Rule 10 of the Federal Rules of Appellate Procedure allows us to correct or modify the record on appeal if evidence was "omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). Lane's End does not argue that the amended agreement and affidavit were omitted from or misstated in the record. It contends instead that an appellate court may use its equitable powers to consider "factual events occurring after an appeal has been filed" "to determine jurisdictional questions such as mootness." Mot. to Supp. R. at 3. For its part, KNC contests the new evidence and wishes to submit its own (contrary) evidence to show that the controversy remains a live one. Perhaps this case is moot, or perhaps the new facts relate to the merits of the dispute between KNC and Lane's End. Either way, the relevant information does not appear in the current record, and the district court is best suited to find any relevant facts and to determine in the first instance whether a live controversy remains. *See Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (declining to exercise equitable power to supplement the record

on appeal because the new evidence "could have been presented to the district court" and did not establish "beyond doubt the proper disposition of the case").

We need no additional facts, however, to reject KNC's claim that the Kentucky Business Corporations Act gives it the right to inspect and copy the syndicate's records. Kentucky law treats owners of horse-ownership syndicates as tenants in common. *See, e.g.*, *Weisbord/Etkin/Goldberg v. Gainesway Mgmt. Corp.*, No. 2007-CA-000280-MR, 2008 WL 820950, at *1 (Ky. Ct. App. Mar. 28, 2008). And by its terms, the Business Corporations Act applies only to corporations, not to unincorporated syndicates. *See* Ky. Rev. Stat. §§ 271B.1-400(4) & (10) (distinguishing a "corporation," which includes only incorporated for-profit corporations, from an "entity," which includes unincorporated associations and persons sharing common economic interests); *id*. § 271B.16-020 (giving shareholders only of a "corporation" the right to inspect and copy corporate records). We thus need no additional facts to conclude that the district court correctly rejected KNC's claims under the Business Corporations Act.

For these reasons, we grant Lane's End's motion to file its suggestion of mootness under seal, deny its motion to supplement the record and remand this case to the district court.